**WALLING, Adm'r Wage and Hour Division, U. S. Dept. of Labor, v. PUBLIC QUICK FREEZING & COLD STORAGE CO.**

Civil Action No. 708–J.

District Court, S. D. Florida, Jacksonville Division.

Oct. 24, 1945.

William S. Tyson, Acting Sol., Office of Solicitor, Department of Labor, of Washington, D. C., Jeter S. Ray, Asst. Sol., of Nashville, Tenn., George A. Downing, Regional Atty., of Atlanta, Ga., and James H. Shelton, Sr. Atty., Department of Labor, of Washington, D. C., for plaintiff.

Austin Miller and Charles Cook Howell, both of Jacksonville, Fla., for defendant.

DE VANE, District Judge.

This is a suit brought by the Administrator of the Wage and Hour Division of the United States Department of Labor, against the Public Quick Freezing and Cold Storage Company, a corporation, to enjoin the defendant from violating Section 15(a) (1); Section 15 (a) (2) and Section 15 (a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215 (a) (1, 2, 5).

Defendant operates, at Jacksonville, Florida, a cold storage warehouse plant. It owns none of the merchandize that passes through its plant. Its facilities are utilized by others who, themselves, are engaged in the shipping of goods in Interstate Commerce. From the testimony in the case it appears that the facilities of defendant are used exclusively by concerns engaged in buying and selling the merchandize which

passes through defendant's cold storage warehouse.

Defendant's activities in connection with the merchandize stored is confined to storing, cooling, freezing, and such necessary handling of the merchandize as is required for bringing it into the warehouse; processing and caring for it while stored; and removing it from storage when orders are given for its transfer from defendant's warehouse to other points.

The facts in the case, generally, are not in dispute and the only question presented is whether or not defendant's employees are exempt under Section 13(a) (2) of the Act, 29 U.S.C.A. § 213(a) (2). This Section states that the wage and hour provisions of the Act shall not apply with respect to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."

■ The evidence shows that about 63% of the commodities handled by the defendant was fish and Section 13(a) (5) exempts, from the Wage and Hour provisions of the Act, all employees employed in the processing, freezing and storing of fish. As to the remaining 37% of the commodities handled by the defendant a large part of these move intrastate. Defendant makes no effort to keep records of the interstate and intrastate business passing through its warehouse, nor does it assign its employees to different classes of work. Each employee apparently handles all classes of commodities passing through the cold storage plant. Witnesses for the defendant estimate that approximately 7% of all the work performed by defendant's employees was devoted to the handling of interstate shipments and this is not disputed by the Administrator.

On the record made in this case the only question presented is whether the defendant operates a "service establishment." If it does operate a service establishment, Section 13(a) (2) exempts its employees from the Wage and Hour provisions of the Act and the Administrator is not entitled to the injunctive relief sought in the case.

■ The definition of the word "service" found in any unabridged dictionary is of no assistance whatever in determining its meaning, as used in the Act. It is not a simple word with a simple meaning, leaving no room for construction, but it is a word with a multiplicity of meanings. It is necessary, therefore, to determine what Congress meant by the words, "service establishment," in the light of the context in which they are used. This first necessitates an examination of the Legislative history of the exemption to ascertain if it throws any light on the intent and meaning of Congress in the use of these words.

In recent decision of Phillips Co., Inc., v. Walling, 324 U.S. 491, 65 S.Ct. 807, 810, the Supreme Court pointed out the "sparce" Legislative history of Section 13(a) (2) and said:

"Congress was interested in exempting those regularly engaged in local retailing activities and those employed by small local retail establishments, epitomized by the corner grocery, the drug store and the department store. It felt that retail concerns of this nature do not sufficiently influence the stream of interstate commerce to warrant imposing the wage and hour requirements on them."

■ When the word "service" is substituted for the word "retail" in this quotation it would seem to exclude a "service establishment" of the character involved in this case. Moreover the Supreme Court, in this case, held that provisions of the Fair Labor Standards Act granting exemptions from the operation of the Act are to be narrowly construed.

In Guess v. Montague, 140 F.2d 500, the Circuit Court of Appeals for the Fourth Circuit, in an able opinion written by Circuit Judge Parker, in which other leading cases are cited, considered at length, the meaning of the words, "service establishment", as used in the Act and held in that case that a machine shop of the sort operated by the defendant was not a service establishment within the meaning of the exemption contained in Section 13(a) (2) of the Act.

■ It is the opinion of this Court that the reasoning of Circuit Judge Parker in Guess v. Montague, supra, is sound and the Court follows it in this case. The Court is further of the opinion that the decision of the Supreme Court in Phillips Co., Inc., v. Walling, supra, fully supports and warrants the holding that the business of the defendant in this case cannot be brought within the exemption. The Court holds that the Administrator is entitled to the relief sought by his complaint filed in this case.

Attorneys for plaintiff will prepare and submit to the Court proposed Findings of

Fact and Conclusions of Law in conformity with this Memorandum Opinion, and submit copies thereof to the attorneys for the defendant who may submit objections to any of said proposed Findings of Fact and Conclusions of Law and may also submit any additional Findings of Fact and Conclusions of Law, which they desire the Court to make in this case.